**IN THE COURT OF APPEALS OF IOWA**

No. 16-0113
Filed April 27, 2016

**IN THE INTEREST OF K.H.,**
**Minor Child,**

**P.H., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Meegan M. Langmaid-Keller of Keller Law Office P.C., Altoona, for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child. He concedes the grounds for termination exist but argues that termination is not in the child's best interests. Because clear and convincing evidence shows termination is in the child's best interests, we affirm.

**I. Background Facts and Proceedings.**

The child came to the attention of the Iowa Department of Human Services (DHS) in December 2014 when both parents tested positive for drug use at the time of the child's birth. The child was removed from the parents' care and adjudicated a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2013). The mother had three other children who had already been adjudicated CINA at the time the child at issue was born.

In January 2015, drug testing revealed the father had used both marijuana and methamphetamine. He completed a substance-abuse evaluation in May 2015, which recommended he undergo extended outpatient treatment. The father began outpatient treatment but stopped attending in June 2015. He never completed formal substance-abuse treatment but reported he began receiving treatment from a church-based support group beginning in April 2015. However, the group does not offer counseling, provide drug screens, or require attendance.

The father was offered supervised visits with the child but failed to attend these visits from January until April and from mid-May until mid-July 2015. He also failed to attend a permanency hearing in June 2015. Thereafter, the permanency goal was changed from reunification to termination of parental rights.

A petition seeking to terminate parental rights was filed in October 2015, and the termination hearing was held in December 2015. In its order, the juvenile court found clear and convincing evidence supported terminating both the mother's and the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (g), (h), and (*l*). The court further found termination was in the child's best interests based on the impact the parents' substance-abuse problems have on their ability to care for the child, their refusal to comply with the requests made by the court and the DHS, and their inability to maintain safe and stable housing. Finally, the court declined to apply any of the exceptions to termination set forth in section 232.116(3). Accordingly, it terminated both the mother's and the father's parental rights.[1]

The father appeals.

## II. Scope and Standard of Review.

We review termination-of-parental-rights proceedings de novo. *See In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015). We give weight to the juvenile court's fact-findings, especially those concerning witness credibility. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by them, however. *See id.*

## III. Best Interests.

The father does not challenge the evidence supporting the grounds for termination. He instead argues termination is not in the child's best interests. *See* Iowa Code § 232.116(2). We cannot agree. The father had been using drugs since 2007. Although the father testified he abstained from drug use for

---

[1] The termination of the mother's parental rights is not at issue in this appeal.

more than nine months leading up to the termination hearing, no reliable evidence substantiates his claim. Instead, the record shows the father refused to provide a hair sample for drug testing in October 2015. When asked about his refusal, the father testified it was his "right" to decline testing, he "didn't want to," and he "felt like it's been enough" because he had "done hair follicle tests before" and did not want "another patch of hair taken out of [his] head." The father denied he declined the test due to drug use, even though he understood that failing to take the drug test would impact his ability to have the child returned to his care. At the termination hearing, the father provided results of a drug test allegedly performed in November 2015 that showed no signs of recent drug use, as well as a substance-abuse evaluation he reportedly completed in October 2015. However, neither document was provided to the DHS at any point before the termination hearing.

There were other concerns identified beyond the father's substance abuse. He failed to complete a mental-health evaluation as ordered. The evidence shows he has difficulty controlling his temper and handling confrontation, as he demonstrated during interactions at a staffing. It was also evident in his behavior at the termination hearing, which the juvenile court noted in the termination order. The record indicates the father has a history of violent aggression as he had been convicted of simple assault and there were suspicions the father had perpetrated domestic abuse on the mother. Furthermore, the father was unable maintain safe and stable housing, lacked transportation, and was unemployed at the time of the termination hearing. His visits with the child never progressed beyond supervised visits.

The record belies the father's claims regarding his ability to remain sober and provide adequate care and shelter for the child. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" (citation omitted)). The father had a year in which to demonstrate he was capable of caring for the child and failed to do so. "Time is a critical element" in termination proceedings. *Id.* Once the statutory time period for termination has passed, termination proceedings are viewed with a sense of urgency. *Id.* Children are not equipped with pause buttons. *See In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Considering the young age of the child, the amount of time the father was given to address his shortcomings, and the father's lack of progress to resolve his parenting deficiencies, termination is in the child's best interests. Accordingly, we affirm.

**AFFIRMED.**